NO. 07-09-0341-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 5, 2009
______________________________

In re: JOSEPH H. NORTON,

                                                                                                 Relator
_________________________________

On Original Proceeding for Writ of Mandamus
_______________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

          Pending before the court is the petition for writ of mandamus of Joseph H. Norton. 
Through it, he seeks an order directing the Honorable Ron Enns, 69th Judicial District, to
act upon two motions allegedly pending before that court. One of the motions involves the
appointment of legal counsel to pursue a request for DNA testing. The other motion
concerns his counsel’s request to withdraw. Apparently, the trial court had appointed
Norton legal counsel at one time or another. Because that attorney moved to withdraw,
Norton allegedly requested that he be granted another attorney. We deny the petition for
several reasons.
          First, Norton has not paid the requisite $125 filing fee despite our previous directive
to do so by November 2, 2009. Nor has he tendered an affidavit of indigence illustrating
that he is impoverished and, therefore, unable to pay the fee. 
          Nor has Norton attached to his petition either motion in question. Texas Rule of
Appellate Procedure 52.3(k) mandates that the relator include, in an appendix, the
document or documents “showing the matter complained of.” The alleged motions to
withdraw and for the appointment of new counsel would fall within that category. 
          Similarly omitted is any certification by Norton indicating that every factual statement
in the petition is supported by competent evidence included in the appendix or record. 
Such is required by Texas Rule of Appellate Procedure 52.3(j).
          Accordingly, the petition for writ of mandamus is denied.
 
                                                                           Brian Quinn
                                                                          Chief Justice



">Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          After a guilty plea, appellant Michael Lynn Skaggs was convicted of burglary of a
habitation and, pursuant to a plea bargain, he was sentenced to ten years confinement,
which was probated for ten years. Less than a year later, the State filed a motion to revoke
appellant’s probation. After a hearing, the trial court did so and sentenced appellant to ten
years imprisonment. Appellant appeals from that probation revocation and judgment. 
          Appellant’s appointed counsel has filed a motion to withdraw, together with an
Anders


 brief, wherein he certifies that, after diligently searching the record, he has
concluded that the appeal is without merit. Along with his brief, he has filed a copy of a
letter sent to appellant informing him of counsel’s belief that there was no reversible error
and of appellant’s right to file a response pro se. By letter dated December 2, 2008, this
court also informed appellant of his right to file a response by January 2, 2009, if he wished
to do so. To date, we have received neither a response nor a request for an extension of
time to file it.
          In compliance with the principles enunciated in Anders, appellate counsel has
discussed whether the evidence presented at the revocation hearing was sufficient to
support the trial court’s finding that appellant had violated the terms of his probation. 
Counsel also discussed certain evidentiary rulings made at the revocation hearing. 
However, he concluded that the record revealed no reversible error. Thereafter, we
conducted our own review of the record to assess the accuracy of appellate counsel’s
conclusion and to uncover any reversible error pursuant to Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1991). We have reached the same conclusion as counsel. 
          Accordingly, the motion to withdraw is granted and the judgment is affirmed.


 
 
                                                                           Brian Quinn 
                                                                          Chief Justice

Do not publish.